IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**FLOYD DELL JOHNSON,**
**ADC #077727**                                                                                              **PLAINTIFF**

V.                                  NO. 2:20-cv-00129-KGB-ERE

**ETHAN CASEY**                                                                                              **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Johnson's remaining excessive force claim against Defendant Ethan Casey has been sent to United States District Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.    Background:**

Plaintiff Floyd Dell Johnson, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit *pro se* against ADC officers Tyrone Allison and

Ethan Casey under 42 U.S.C. § 1983. *Docs. 2, 14*. Mr. Johnson is now represented by Court-appointed counsel. *Doc. 85*.

In his supplement to his original complaint, Mr. Johnson alleged that Mr. Casey injured him by deliberately closing a cell door trap on his left hand.[1] *Doc. 14*. This is the only remaining claim in this case. *Doc. 82*.

Pending before the Court is Mr. Casey's motion for summary judgment, statement of undisputed facts, and brief in support arguing that Mr. Jonson's excessive force claim against him fails as a matter of law. *Docs. 92, 93, 94*. Mr. Johnson has not responded to Mr. Casey's motion, and the time for doing so has passed.[2] See Local Rule 7.2.

For the reasons stated below, I recommend that Mr. Casey's motion for summary judgment be granted, and that Mr. Johnson's excessive force claim against him be dismissed, with prejudice.

### III.  Discussion:

####   A.   Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as

---

[1] In his original complaint, Mr. Johnson alleged that Mr. Allison threatened him and placed him in a "cage" in the hallway. *Doc. 2*. The Court previously dismissed Mr. Johnson's claims against Mr. Allison. *Doc. 82*.

[2] Because Mr. Johnson did not respond to Mr. Casey's statement of facts, those facts are deemed admitted pursuant to Local Rule 56.1.

to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. See Fed. R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

A party is entitled to summary judgment if - but only if - the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See Fed. R. Civ. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

**B.     Analysis**

Based on his supplemental complaint, the Court believed Mr. Johnson's excessive force claim against Mr. Casey was based on the allegation that, on one occasion, Mr. Casey intentionally closed the trap door on Mr. Johnson's hand. However, Mr. Johnson subsequently clarified his claim against Mr. Casey in his deposition. *Doc. 92-2 at 2*. Mr. Johnson testified that his only allegation against Mr. Casey is that Mr. Casey wrote a major disciplinary against him charging him with five rule violations. *Id*. Mr. Johnson testified that Mr. Casey wrote the disciplinary

3

at issue at the instruction of Lieutenant Allison and that the disciplinary charges were false. *Id*.

Unfortunately, the issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2nd Cir. 1986)). Filing a false disciplinary can violate the Constitution if done in retaliation for exercising a federally protected right, but here, Mr. Johnson fails to allege or identify any retaliatory motive that Mr. Casey might have had to issue a false disciplinary.

Furthermore, although Mr. Johnson may have suffered an injury to his finger on the date in question, he attributes such conduct to Sergeant Anita Crumpton (a non-party). *Doc. 14 at 1*. Mr. Johnson explains that Sergeant Crumpton yanked the telephone out of his hand and "made a gash in my little finger on my left hand." *Id*.

Mr. Johnson offers no evidence to dispute Mr. Casey's characterization of the remaining claims in this lawsuit. Thus, on this record, there is no genuine issue of material fact regarding Mr. Johnson's excessive force claim against Mr. Casey, and this claim should be dismissed, with prejudice.

## IV. <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Casey's motion for summary judgment *(Doc. 92)* be GRANTED.

2. Mr. Johnson's excessive force claim against Ethan Casey be DISMISSED, with prejudice.

3. The Clerk be instructed to close this case.

DATED this 30th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE